**Thomas SWINDLE,**
**Petitioner–Appellant,**

v.

**Leoneal DAVIS, Warden and the Attorney General of the State of Alabama,**
**Respondents–Appellees.**

No. 87–7635.

United States Court of Appeals,
Eleventh Circuit.

June 8, 1988.

L. Dan Turberville, Birmingham, Ala., for petitioner-appellant.

Don Siegelman, Atty. Gen., J. Anthony McLain, Sp. Asst. Atty. Gen., McLain & Hampton, Montgomery, Ala., for respondents-appellees.

Before TJOFLAT, HILL and EDMONDSON, Circuit Judges.

PER CURIAM:

Appellant, Thomas Swindle, was convicted of manslaughter in Tuscaloosa County, Alabama and was sentenced to twelve years of imprisonment. He filed a petition pursuant to 18 U.S.C. § 2254 in the district court alleging several grounds for relief. The court adopted the report and recommendation of the magistrate, and granted summary judgment in favor of the defendants. On appeal, appellant argues that genuine issues of material fact exist concerning his claim of newly discovered evidence. We affirm the judgment of the district court.

The magistrate and district court correctly recognized that federal habeas relief is available on the grounds of newly discovered evidence only where the evidence bears on the constitutionality of the petitioner's detention. *See Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Newly discovered evidence which goes only to the guilt or innocence of the petitioner is not sufficient to require habeas relief. *Smith v. Wainwright*, 741 F.2d 1248 (11th Cir.1984), *cert. denied*, 470 U.S. 1087, 105 S.Ct. 1853, 85 L.Ed.2d 150 (1985). Appellant's newly discovered evidence consists of testimony that the victim was killed by another individual in an altercation which followed the appellant's altercation with the victim. This evidence clearly goes to the question of Swindle's guilt or innocence. He concedes that the state was unaware of this evidence at the time of trial and that the state did not solicit false evidence. Thus, the newly discovered evidence does not bear on the constitutionality of appellant's incarceration and this claim does not establish a ground for habeas relief.

In an attempt to establish a constitutional violation appellant also argues that he was denied effective assistance of counsel because his trial counsel failed to discover and present this new evidence. As the magistrate and district court found, appellant's allegation failed to show that his counsel's efforts fell below an objective standard of reasonableness or that any error might have affected the fairness of his trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, appellant's claim of ineffective assistance of counsel is without merit.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.